IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LETRELL LEWIS                                                                    PLAINTIFF

v.                              Civil No. 5:25-cv-05245-TLB-CDC

DOES                                                                           DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, the case will automatically be reassigned to Chief United States District Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).  The case is before the Court on Plaintiff's failure to obey an order of the Court.

**I.  DISCUSSION**

On November 21, 2025, the United States District Court for the Eastern District of Arkansas received a handwritten letter from Plaintiff, which it construed as a complaint.  *See* ECF No. 1.  Three days later, that Court transferred the case it had opened under Plaintiff's complaint to this Court because Plaintiff, who was incarcerated at the Washington County Detention Center ("WCDC"), appeared to be complaining of injuries which occurred here in the Western District of Arkansas.  *See* ECF No. 2.  On November 26, 2025, this Court entered an Order directing Plaintiff to either pay the filing fee file or submit an *in forma pauperis* ("IFP") application by December 17, 2025.  *See* ECF No. 6.  This Court also entered an Order directing Plaintiff to submit an

1

amended complaint on this Court's approved form for prisoner § 1983 lawsuits by December 17, 2025. *See* ECF No. 7. The Court mailed blank copies of the aforementioned forms to Plaintiff. *See* ECF Nos. 6, 7. After this deadline passed with no filing fee, IFP application, or amended complaint having been submitted, this Court entered an Order directing Plaintiff to show cause why he failed to obey those Orders by January 30, 2026, and warning that "[i]f Plaintiff fails to respond by the deadline, this case shall be subject to dismissal." *See* ECF No. 8.

On January 29, 2026, this Court received a lengthy handwritten letter from Plaintiff, presumably in response to this Court's show-cause Order. *See* ECF No. 9. The letter alleges that various employees or officers at the WCDC are refusing to provide him with the names, badge numbers, or job titles of various individuals whom he wishes to sue. *See id.* at 1. The letter then proceeds to discuss at great length the factual bases for the various claims he wishes to bring and discovery he wishes to conduct in this lawsuit. *See generally id.* What the letter does *not* discuss, however, is why Plaintiff still has not filled out and returned the forms which this Court mailed to him and instructed him to fill out and submit. This case cannot proceed if Plaintiff refuses to pay the filing fee or apply for IFP status in this lawsuit. And this case cannot proceed if Plaintiff refuses to describe his claims on the court-approved form for prisoner § 1983 lawsuits, so that this Court can more clearly discern what each separate claim and its factual basis is.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

2

Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).  Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of February 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE